Kelly K. LoCascio, Esq., SBN #022793
Michael J. Ward, Esq., SBN # 022782
Lisa J. Counters, Esq., SBN #016436
8014 E. McClain, Suite 220
Scottsdale, Arizona 85260
Telephone:  (877) 264-3570
Facsimile: (888)883-9506
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANGEL JET SERVICES, L.L.C., a limited liability company, individually, as assignee and authorized representative of Constance Haaland,<br><br>Plaintiff,<br><br>v.<br><br>The Health and Welfare Benefit Plan Kinetic Concepts, Inc., an ERISA plan, and United Healthcare Insurance Company, a foreign insurer,<br><br>Defendants. | Case No.: 2:10-cv-148<br><br>**COMPLAINT** |

For its claim against Defendants, Angel Jet Services, L.L.C. ("AJS") alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action under ERISA, pursuant to 29 U.S.C. § 1132(e), (f), and 28 U.S.C. § 1331.

2. Venue is proper under 29 U.S.C. 1132(e)(2), because the denial of benefits and breach of the health and welfare plan took place in this district and, under ERISA, Defendants are "found" in this district.

1

**PARTIES**

3. AJS is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

4. Defendant United Healthcare Insurance Company ("United") is a foreign corporation with its principal offices in Connecticut.

5. The Health and Welfare Plan of Kinetic Concepts, Inc. ("the Plan") and its purchase of insurance from United, is an ERISA plan as defined by 29 U.S.C. § 1002. On information and belief, Kinetic Concepts, Inc., ("Kinetic") , is the Plan sponsor. Kinetic is a Texas corporation that has over 3,000 employees working in Arizona, other states, and other countries.

6. At all relevant times, Kinetic employed Constance Haaland ("Haaland") and she was a participant and beneficiary of the Plan. At relevant times, Haaland was a resident of the state of California.

7. At all relevant times, AJS was an assignee of Haaland, pursuant to an Assignment of Benefits assigning all plan benefits relating to this claim to AJS. Thus, AJS "stands in the shoes" of Haaland, and has standing to assert whatever rights she possesses, relating to the Plan and this claim, including the right to pursue administrative remedies and the right to pursue this claim.

8. At all relevant times AJS was also Haaland's authorized representative as defined by 29 C.F.R. § 2560.503-1(b)(4).

9. On information and belief Kinetic and United are Plan Administrators.

10. Kinetic and United are plan fiduciaries as defined by ERISA.

11. On information and belief, United is either a "named fiduciary" of the Plan, pursuant to 29 USC § 1133(2); a "deemed fiduciary" pursuant to 29 USC § 1002 (21)(A); or a "designated fiduciary," pursuant to 29 USC § 1105(c)(1)(B).

**FACTUAL ALLEGATIONS**

12. AJS is a worldwide fixed-wing air ambulance service provider. AJS utilizes medically customized specialty aircraft to transport patients.

13. AJS' services include flight coordination, patient assistance, coordination between sending and receiving medical providers, and transportation from one facility to the airplane, to another facility under the care of trained professional medical service providers in flight and throughout the transport, including critical care nurses.

14. On November 12, 2008, Haaland was presenting a lecture when she was struck by a rapid onset headache, became confused, seized, and collapsed. She was transported to University Hospital in San Antonio, Texas, where she remained hospitalized for over a month as a result of a subarachnoid hemorrhage. Haaland suffered from left-side paralysis.

15. AJS was contacted by Haaland's family and Haaland's hospital case worker on or about December 19, 2008, to perform an advanced-level care transport of Haaland from San Antonio, Texas to a rehabilitation facility in Portland, Oregon.

16. Haaland's treating physicians determined that she required further and immediate neurosurgical evaluation and rehabilitation treatment. Haaland's physicians concluded that the appropriate, medically necessary treatment could be provided at Vibra Specialty Hospital in Portland, Oregon, and required air ambulance transportation from San Antonio, Texas to Portland, Oregon.

17. On December 21, 2008, AJS transported Haaland via air ambulance from San Antonio, Texas to Portland, Oregon.

18. Due to Haaland's extremely critical medical condition, medical providers flew to San Antonio and then escorted and cared for Haaland throughout her air ambulance flight provided by AJS. During the flight, AJS medical providers monitored Haaland and performed various services for her. Haaland required deep

1 airway suctioning, narcotic pain medication, and repeated extremity movement to avoid a deep vein thrombosis.

19. AJS flew Haaland 1,713 statutory miles.

20. On information and belief, the services rendered by AJS were benefits to which Haaland was entitled under the terms of the Plan.

21. On December 24, 2008, AJS submitted a claim to United for $381,800 for the air ambulance services provided to Haaland.

22. On January 12, 2009, United denied AJS's claim on grounds that Haaland's plan "does not cover ambulance services or associated expenses which are not due to an emergency."

23. On January 15, 2009, on behalf of United, MultiPlan, Inc. sought a reduction in certain charges from AJS, which AJS rejected.

24. On January 30, 2009 and February 25, 2009, United advised AJS that it had correctly processed the claim "according to the terms of the patient's health benefit plan."

25. On February 12, 2009, on behalf of United, Viant, Inc, also sought an adjustment of a portion of AJS' billed services in the amount of $18,576.50, which AJS accepted.

26. On March 10, 2009, United requested "the patient's operative notes and/or the pathology/radiology reports" for the date of service provided by AJS.

27. On February 23, 2009, United paid $84,793.50.

28. On March 11, 2009, United paid $89,000.00.

29. After the March 11, 2009 payment $189,430 remains unpaid.

30. On May 13, 2009, because only a partial payment was made by United to AJS, AJS requested documents pursuant to 29 C.F.R. § 2560-503(h)(3)(ii)-(iv), all relevant documents, and all plan documents.

31. United never responded to AJS's document request.

4

32. Without basis, United rejected properly executed authorization forms and authorized representative appointment forms and demanded that its specific forms be completed.

33. United denied benefits in a letter dated September 15, 2009, stating that air medical transportation was not a covered benefit of the plan.

34. The basis for denial of the claim changed over time and the adverse determinations by United lacked any supporting analysis or documentation.

35. United's denials contained inaccurate and conflicting statements. Its competing benefit determinations and refusal to provide Haaland's Summary Plan Description ("SPD") and claim file also have denied AJS a full and fair review of the claim.

36. United's denials did not adequately explain the basis of the claim decision.

37. United did not provide AJS with the documents it requested under 29 C.F.R. § 2560.503-1(h)(3)(ii)-(iv).

38. United did not provide other relevant information to AJS as is required under ERISA claims regulations.

39. AJS has satisfied all of the jurisdictional prerequisites, including exhaustion of administrative remedies, to filing a claim in federal court.

**COUNT I**

**FAILURE TO PRODUCE PLAN DOCUMENTS**

40. AJS incorporates and realleges each and every allegation contained in the foregoing paragraphs as if set forth fully herein.

41. An administrator is required "upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, and terminal report, the bargaining agreement, trust agreement,

contract, or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4),

42. Failure of the Administrator to provide plan documents within 30 days under 29 U.S.C. 1132(c)(1)(B), exposes the Plan Administrator to a penalty of up to $110 per day from the date of the failure to provide documents.

43. Defendants failed to provide the documents requested within 30 days, among other procedural violations, Defendants violated ERISA's disclosure requirements, claims procedure requirements and applicable regulations. As a result of Defendants' acts and omissions, AJS has been damaged and its rights to benefits under the Plan, and to pursue Haaland's claim for benefits under the Plan, have been thwarted, prejudiced, and delayed.

## COUNT II
## DECLARATORY RELIEF

44. AJS restates and realleges all previous allegations.

45. Pursuant to 29 U.S.C. 1132 (a)(3) and (c)(1)(B), AJS, as assignee of Haaland's ' claims under ERISA, is entitled to declaratory, injunctive and other appropriate equitable relief to redress Defendant's claims procedure and disclosure violations, including, but not limited to, an order enjoining Defendant Plan Administrator from failing to follow ERISA claims procedures.

46. There is a present justiciable controversy between the parties as to whether Defendants are required to produce the plan documents pursuant to 29 U.S.C. § 1024 and relevant documents as that term is defined by 29 C.F.R. 2560.503-1(m)(8).

47. The failure of Defendants to provide the documents defined by 29 U.S.C. 1024 and 29 C.F.R. § 2560.503-1(m)(8) precluded AJS from obtaining a full and fair review of Haaland's ' claim.

48. AJS asks the Court to declare that AJS is entitled to the documents defined by 29 U.S.C. § 1024 and 29 C.F.R. § 2560.503-1(m)(8) and to order production of the documents.

**WHEREFORE,** AJS demands judgment against the Defendants:

   a. Declaring that Defendants violated ERISA's claims procedures and disclosure requirements, ERISA § 503 and regulations thereunder;
   b. Enjoining Defendants to cease and desist from violating ERISA and the terms of the Plan;
   c. Awarding AJS $110 per day for each day beyond thirty that Defendants failed to provide AJS with a copy of the Summary Plan Description or other documents;
   d. Awarding pre-judgment interest to AJS at the highest rate allowable by law, e.g., 10% pursuant to A.R.S. § 20-462;
   e. Declaring that AJS is entitled to plan documents and relevant documents as those terms are defined by 29 U.S.C. § 1024 and 29 C.F.R. § 2560.503-1(m)(8) as Haaland's ' authorized representative,
   f. Awarding AJS its reasonable attorneys' fees and costs pursuant to state law and/or ERISA § 502(g), and
   g. Awarding AJS such other and further relief as the court deems just and proper.

Dated this 25th day of January, 2010.

By   /s Lisa J. Counters
     Kelly LoCascio, Esq.
     Michael J. Ward, Esq.
     Lisa J. Counters, Esq.
     Attorneys for Plaintiff

7